Wilde J.
delivered the opinion of the Court. This case was referred at the court below to commissioners, to ascertain the extent of the petitioner’s title, and also to determine whether any of the respondents were solely seised of any part of' the described premises, and to make partition, and report *258 accordingly. The commissioners reported that the petitioners were seised in common of a part of the described premises, and not seised of the residue ; and that none of the respondents were solely seised of any part or parcel of the premises. Upon the acceptance of the report of the commissioners, the petitioners moved for costs, considering themselves as the prevailing party; which being refused, they filed exceptions, and the question now to be decided is, whether the motion for costs was rightly overruled.
The question of costs depends on St. 1786, c. 53, at>d not on the general statute respecting costs. The provision is, that if on the pleadings “it be determined that the petitioner holds a less share or proportion in common and undivided than he has in his petition alleged, the adverse party shall recover against the petitioner his reasonable costs ; notwithstanding judgment may be rendered in favor of the petitioner to have an assignment of such part of the real estate in severalty, as he, in fact, holds in common and undivided.” The words “ share or proportion ” are not to be strictly construed, but according to the intention of the legislature, which manifestly was, to indemnify the respondent, by the allowance of costs, in all cases where the petitioner states his claim too largely, so as to make it necessary for the other tenants in common to contest the extent of his title in defence of their rights.[1]
If this case had not been referred to the commissioners, the respondent might have pleaded, that as to part of the premises, they held the same in common with the petitioners, and as to such part they had nothing to object against the partition thereof according to the prayer of the petition ; and as to the residue, that the parties were not seised thereof, and did not hold in common. There is perhaps no precedent for such a plea, but it seems well founded in principle. Suppose that A and B are seised as tenants in common of a hundred acre lot, and A prays for partition of that lot, together with another lot of 100 acres adjoining, of which A and B are not seised : it is obvious that if B makes no objection to the *259 partition, A might have assigned to him the whole lot of which he is seised in common, and B might be ousted. So if A and B are seised in common of 100 acres, and A and C of 100 acres adjoining, and A petitions for partition of the whole, either B or C may plead the facts in bar of the petition, so as to prevent A from having his whole purparty assigned to him in one parcel.
And in the present case, the respondents might have pleaded, that as to part, they were seised in common with the petitioners, and as to the residue, that they the respondents were solely seised thereof, concluding with a traverse of the petitioners’ seisin of such residue. By the rules of pleading the petitioners would have been compelled to take issue on the traverse, which, according to the report of the commissioners, must have been found against them, so that the respondents would be the prevailing party, and according to the statute of 1786, would clearly be entitled to costs.
It has been argued that the respondents have no interest in any part of the premises described in the petition, and if this appeared, the petitioners clearly would be entitled to costs j but this does not appear by the report of the commissioners, or otherwise, and it cannot be presumed. The contrary is to be presumed, because the respondents have been admitted as a party of record, without objection on the part of the petitioners, who by the submission of the case have implicitly admitted the respondents’ right to appear and contest the petitioners’ claim.
If, therefore, the respondents had moved for costs at the Court of Common Pleas, the motion ought to have been allowed; but as they have waived their claim for costs, we are only required to affirm the judgment of the Court of Common Pleas

 See Revised Stat. c. 103, § 17.